1
2
3
4
5
6

O

7

# UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9
10

LYNN GREEN,                          )   Case No. EDCV 10-709 RNB
                                     )
11                  Plaintiff,       )
                                     )   ORDER REVERSING DECISION OF
12          vs.                      )   COMMISSIONER AND REMANDING
                                     )   FOR FURTHER ADMINISTRATIVE
13   MICHAEL J. ASTRUE,              )   PROCEEDINGS
     Commissioner of Social Security,)
14                                   )
                    Defendant.       )
15   _____)

16        Plaintiff filed a Complaint herein on May 14, 2010, seeking review of the

17   Commissioner's denial of her applications for disability insurance and Supplemental

18   Security Income benefits.  In accordance with the Court's Case Management Order,

19   the parties filed a Joint Stipulation ("Jt Stip") on February 17, 2011.  Thus, this matter

20   now is ready for decision.[1]

21

22                              **DISPUTED ISSUES**

23        As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising

24   _____

25        [1]      The decision in this case is being made on the basis of the pleadings, the

26   Administrative Record ("AR"), and the Joint Stipulation filed by the parties.  In

27   accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
     determined which party is entitled to judgment under the standards set forth in 42

28   U.S.C. § 405(g).

1

as the grounds for reversal and remand are as follows:

        1.    Whether the Administrative Law Judge ("ALJ") properly excluded plaintiff's diagnosis of Major Depressive Disorder as a severe impairment apart from substance abuse.

        2.    Whether the ALJ afforded proper consideration to the treating sources' opinions.

        3.    Whether the ALJ properly considered the lay witness's statements.

        4.    Whether the ALJ properly determined not to obtain the testimony of a vocational expert.

        5.    Whether the ALJ properly considered plaintiff's residual functional capacity ("RFC").

## DISCUSSION[2]

**A.**    **The ALJ failed in his duty to develop the record with respect to the issue of whether plaintiff would suffer from a severe mental impairment in the absence of drug and alcohol use.**

It appears from the ALJ's decision that his principal reason for finding that plaintiff's severe mental impairment was substance induced was the absence of any "objective" evidence in the record to support plaintiff's claim of sobriety since October 2008. (See AR 14, 17.) However, there is no "objective" evidence in the record, including in plaintiff's treatment records, that rebuts plaintiff's claim of sobriety since October 2008. Moreover, while the State Agency physician speculated in February 2009 that, with treatment and substance abstinence, plaintiff's mental

---

[2]    The Court's findings hereafter with respect to Disputed Issue Nos. 1-3 and 5, and its conclusion that this case should be remanded for further administrative proceedings, renders it unnecessary to address Disputed Issue No. 4.

1  impairment would be non-severe by October 2009 (see AR 441), that speculation was

2  belied by the opinions of two physicians who, based on their examinations of plaintiff

3  in September 2009 and October 2009, opined that she still suffered from a severe

4  mental impairment (see AR 469, 490-91).

5      The law is well established in this Circuit that the ALJ has a special duty in

6  social security cases "to fully and fairly develop the record and to assure the

7  claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.

8  1983). "This duty exists even when the claimant is represented by counsel." Id. "In

9  cases of mental impairments, this duty is especially important." DeLorme v. Sullivan,

10 924 F.2d 841, 849 (9th Cir. 1991).

11     Here, the Court finds that the ALJ failed in this duty. He should have sought

12 clarification from plaintiff's treating physicians as to whether plaintiff would suffer

13 from a severe mental impairment in the absence of drug and alcohol use and/or

14 ordered a consultative psychiatric evaluation for purposes of determining this issue.

15 See 20 C.F.R. §§ 404.1519a(b), 416.919a(b).

16

17 **B.    The ALJ failed to properly consider the opinions of plaintiff's treating**

18 **physician, Dr. Chang.**

19     It is well established in this Circuit that a treating physician's opinions are

20 entitled to special weight because a treating physician is employed to cure and has a

21 greater opportunity to know and observe the patient as an individual. See McAllister

22 v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is

23 not, however, necessarily conclusive as to either a physical condition or the ultimate

24 issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The

25 weight given a treating physician's opinion depends on whether it is supported by

26 sufficient medical data and is consistent with other evidence in the record. See 20

27 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is

28 uncontroverted by another doctor, it may be rejected only for "clear and convincing"

3

1    reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan,

2    923 F.3d 1391, 1396 (9th Cir. 1991).  Where the treating physician's opinion is

3    controverted, it may be rejected only if the ALJ makes findings setting forth specific

4    and legitimate reasons that are based on the substantial evidence of record.  See, e.g.,

5    Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion

6    on disability, even if controverted, can be rejected only with specific and legitimate

7    reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at

8    751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

9         Here, plaintiff contends that the ALJ violated the treating physician rule in

10   rejecting the opinions of Drs. Kim, Chang, and Reh.  (See Jt Stip at 8-12.)  As to the

11   opinions reflected on Dr. Reh's October 28, 2009 Work Capacity Evaluation (Mental)

12   form (see AR 490-91), the Court finds that, even if Dr. Reh qualified as a treating

13   physician, the ALJ did set forth a specific and legitimate reason for not according Dr.

14   Reh's opinions significant probative weight.  See Thomas v. Barnhart, 278 F.3d 947,

15   957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician,

16   including a treating physician, if that opinion is brief, conclusory, and inadequately

17   supported by clinical findings."); see also, e.g., Batson v. Commissioner of Social

18   Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ

19   may discredit treating physicians' opinions that are conclusory, brief, and

20   unsupported by the record as a whole, . . . or by objective medical findings"); Crane

21   v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off

22   forms that do not contain an explanation of the bases for their conclusions); Matney

23   v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).[3]  For the same reason, the Court

24   finds that the ALJ did not err in failing to accord significant weight to the opinions

25

26   _____

27        [3]    Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), cited by plaintiff,
     is distinguishable because there, the "check-the-box" answers were accompanied by

28   comments explaining the reasons for the responses.

4

1   reflected on Dr. Kim's January 26, 2009 Narrative Report (Adult) form.  (See AR
2   398.)

3          However, the same cannot be said for the ALJ's rejection of the opinions
4   reflected in Dr. Chang's September 16, 2009 Narrative Report (Adult) form (see AR
5   469) because Dr. Chang's opinions were consistent with and supported by his earlier
6   treatment notes (see AR 472-88).  Another "reason" provided by the ALJ for rejecting
7   Dr. Chang's opinions was that Dr. Chang reported on the form that plaintiff was
8   "difficult, uncooperative, disruptive, and non-compliant with med."  (See AR 16.)
9   The Court finds that what Dr. Chang reported does not constitute a specific and
10  legitimate reason for rejecting his opinions because the things that Dr. Chang reported
11  in themselves were symptoms of a significant mental health problem.  See Nguyen
12  v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (holding that the claimant's failure to
13  pursue treatment did not constitute a legitimate reason for rejecting an examining
14  psychologist's opinion that the claimant suffered from a severe depressive order);
15  see also Buckard v. Astrue, 2010 WL 5789044, *16 (D. Or. Dec. 7, 2010) (holding
16  that the claimant's non-compliance with her depression medications did not constitute
17  a legitimate basis for discrediting her testimony); Clark v. Astrue, 2010 WL 457357,
18  *5 (E.D. Wash. Feb. 5, 2010) ("[I]t was not appropriate for the ALJ to consider
19  plaintiff's limited mental health treatment as evidence of a lack of a credibility since
20  the failure to follow through with mental health treatment may itself be a symptom
21  of significant mental health problems.").

22         The other "reason" provided by the ALJ for rejecting Dr. Chang's opinions,
23  which the ALJ applied to all the treating physicians' opinions, was that "the
24  conclusion regarding incapacitation from work is partially a vocational judgment
25  which is beyond the expertise of these doctors."  (See AR 17.)  However, Dr. Chang
26  did not purport to be rendering a "conclusion regarding incapacitation" or making a
27  vocational judgment; rather, he was simply rendering medical opinions on the
28  severity of plaintiff's mental impairment, which were well within the scope of his

1    professional expertise.  Moreover, even if Dr. Chang's opinions could properly be

2    characterized as constituted an opinion on the ultimate issue of disability, it still

3    would not relieve the ALJ of the obligation to state specific and legitimate reasons

4    for rejecting that opinion.  See, e.g., Reddick, 157 F.3d at 725; Lester, 81 F.3d at 830;

5    Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993); Embrey v. Bowen, 849 F.2d

6    418, 421-22 (9th Cir. 1988).

7

8    **C.    The ALJ failed to properly consider the lay witness statements of**

9    **plaintiff's daughter.**

10        The law is well-established in this Circuit that lay witness testimony as to how

11    a claimant's symptoms affect the claimant's ability to work is competent evidence and

12    cannot be disregarded without providing specific reasons germane to the testimony

13    rejected.  See, e.g., Nguyen, 100 F.3d at 1467; Smolen, 80 F.3d at 1288-89; Dodrill

14    v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

15        Here, the ALJ purported to provide three reasons for not crediting the lay

16    witness statements of plaintiff's daughter, Ms. Morgan, as reflected in the third party

17    function report that she completed (see AR 134-41).  Those reasons were: (1) Ms.

18    Morgan did not "have the expertise to quantify the physical limitations of the

19    claimant in the face of professional opinion to the contrary"; (2) Ms. Morgan's

20    "relationship to the claimant might predispose her to seek the most advantageous

21    outcome for the claimant"; and (3) Ms. Morgan "did not comment on the claimant's

22    polysubstance abuse and the effect it has had on her mother."  (See AR 15-16.)

23        However, the Court concurs with plaintiff that the ALJ's first reason was not

24    germane to Ms. Morgan's testimony because, besides the reference to her mother's

25    "immune disorder," Ms. Morgan did not purport to be addressing plaintiff's physical

26    limitations.  As for the ALJ's second reason, the Court concurs with plaintiff that

27    familial relationship alone does not constitute a legitimate reason for rejecting a lay

28    witness's testimony.  See Smolen, 80 F.3d at 1289 ("The fact that a lay witness is a

6

1   family member cannot be a ground for rejecting his or her testimony."); <u>Traister v.</u>
2   <u>Astrue</u>, 2010 WL 1462118, *4 (C.D. Cal. Apr. 13, 2010) ("Although a relationship
3   with the plaintiff can be one possible ground to question credibility, something more
4   is required to show that a lay witness's testimony is so tainted by bias that it must be
5   rejected.").  Finally, the Court concurs with plaintiff that the ALJ's third reason was
6   not germane to Ms. Morgan's testimony since the SSA form that she completed did
7   not ask for any comments about the claimant's polysubstance abuse or the effect such
8   abuse had on the claimant.

9

10   **D.**      **The ALJ erred in ignoring the reaching limitation imposed by the State**
11            **Agency physician.**

12        One of the State Agency physicians opined that plaintiff was limited to
13   frequent overhead reaching with her left upper extremity.  (<u>See</u> AR 254.)  The
14   Commissioner contends that the ALJ did not err in ignoring this opinion and failing
15   to incorporate this limitation into his RFC assessment because the ALJ was simply
16   "fulfilling his role as arbiter of the evidence in reasonably resolving contradicting
17   medical evidence."  (<u>See</u> Jt Stip at 24-25.)

18        However, the Commissioner's position cannot be reconciled with Social
19   Security Ruling[4] 96-6p, which provides that findings by a State Agency consultant
20   physician regarding the nature and severity of an impairment must be treated as
21   expert opinion evidence and may not be ignored by the ALJ.   Thus, contrary to the
22   Commissioner's contention, it was incumbent on the ALJ to explain in his decision
23   the weight given to the State Agency physician's opinion that plaintiff was limited
24   to frequent overhead reaching with her left upper extremity.  Moreover, since there
25   is no vocational evidence in the record that a person with the overhead reaching

26   _____

27       [4]      Social Security Rulings are binding on ALJs.  <u>See</u> <u>Terry v. Sullivan</u>, 903
28   F.2d 1273, 1275 n.1 (9th Cir. 1990).

1   limitation as to which the State Agency physician opined was capable of performing

2   the kinds of jobs that the ALJ cited as examples of unskilled, entry-level jobs plaintiff

3   remained capable of performing (see AR 18), the Court has no basis for finding or

4   concluding that this error by the ALJ was harmless.

5

6                           **CONCLUSION AND ORDER**

7          The law is well established that the decision whether to remand for further

8   proceedings or simply to award benefits is within the discretion of the Court.  See,

9   e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

10  603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted

11  where additional administrative proceedings could remedy defects in the decision.

12  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at

13  635.  Remand for the payment of benefits is appropriate where no useful purpose

14  would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d

15  525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.

16  Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

17  delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

18         This is not an instance where no useful purpose would be served by further

19  administrative proceedings, or where the record already has been fully developed.

20  Rather, the Court concludes that this is an instance where additional administrative

21  proceedings still could remedy the defects in the ALJ's decision.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1        Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS

2    ORDERED that Judgment be entered reversing the decision of the Commissioner of

3    Social Security, and remanding this matter for further administrative proceedings.[5]

4

5    DATED:  February 25, 2011

6

7                                          _____

8                                          ROBERT N. BLOCK
                                           UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28          [5]        It is not the Court's intent to limit the scope of the remand.

9